**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Tommy Ray Ortiz ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 03385 |
| v. ) | |
| ) | Judge Tommy Ray Ortiz |
| ) | |
| Bill Epperson, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Tommy Ray Ortiz, who appears to be a pretrial detainee currently being held at Elgin Mental Health Center (pending evaluation of his mental fitness to stand trial), brings this *pro se* civil rights action, 42 U.S.C. § 1983, against fourteen individual Defendants concerning certain events since his detention at Elgin began in March 2018. Pending are Ortiz's renewed application to proceed *in forma pauperis* and complaint for initial review.

Ortiz has demonstrated that he cannot prepay the filing fee, so the renewed application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Ortiz to immediately pay (and the facility having custody of him to automatically remit) $17.21 to the Clerk of Court for payment of the initial partial filing fee and (2) Ortiz to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Ortiz is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Ortiz's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The complaint on file cannot proceed as drafted. First, the complaint runs afoul of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555; *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Ortiz's forty-five page complaint is neither "short" nor "plain." Further, it jumps around between Defendants and particular events that have occurred at Elgin since his entry in March 2018. Ortiz's complaint, as drafted, simply provides too many details, much of which are irrelevant to any claim at all. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (a complaint that is too jam-packed with details makes it too difficult to comprehend and too difficult to answer). If Ortiz wishes to proceed with this lawsuit, then he must submit an amended complaint that streamlines his allegations, clarifies his claims, and provides only the information that is relevant to each claim he is attempting to raise.

Second, and relatedly, misjoinder is a problem with the complaint. As explained above, Ortiz has set forth a lengthy narrative about certain events that have occurred at Elgin since his entry in March 2018. While it is not entirely clear the claim or type of claims Ortiz is attempting to raise in this lawsuit, his allegations run the gamut from everything like alleged attacks by Elgin staff to instances when he was attacked by other detainees at the facility, to instances when Elgin staff denied him access to a toilet (or toilet paper), to instances when Elgin staff denied him medical care, to instances when he was forcibly medicated by Elgin staff, and so on. R. 1 at 1-14. Ortiz identifies fourteen individual Defendants in connection with these allegations. Ortiz may not bring unrelated claims against unrelated defendants

in a single complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint should be limited to related claims against properly joined defendants. Any remaining claims must be brought in a separate lawsuit, accompanied by a separate application to proceed *in forma pauperis*.

Ortiz should also keep in mind that he must identify proper defendants to any claims he brings in an amended complaint. To be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). There is no *respondeat superior* liability under section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). So if Ortiz chooses to submit an amended complaint, then he should focus on naming only those individuals allegedly responsible for the complained-of conduct, list them in the caption of any amended complaint, and concisely explain in the "Statement of Claim" what each individual did to allegedly violate Ortiz's rights.

For these reasons, the Court dismisses Ortiz's complaint without prejudice. If Ortiz wants to proceed with this lawsuit, then he must submit an amended complaint. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims have a reasonable basis in law and fact. Fed. R. Civ. P. 11(b). Ortiz must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Ortiz is cautioned that an amended pleading supersedes (that is, completely replaces) the original complaint and must stand complete on its own. So all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents Ortiz wants the Court to consider in its threshold review of the amended complaint also must be attached. Ortiz is advised to keep a copy for his files.

The Clerk will provide Ortiz with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by **April 26, 2019** will result in summary dismissal of this lawsuit.

As a final matter, the Court notes that Ortiz recently filed a document captioned "Notice of Potential Deception by the Defendants," R. 19, in which he asserts that he handed his renewed *in forma pauperis* application, R. 16, to Elgin

officials for mailing on November 9, 2018. He alleges that despite this, the docket reflects that it was not received by the Court until November 27, 2018. He attributes the lag in time to the ill-intent of Elgin staff whom—he believes—tried to delay his mail in an attempt to have his lawsuit dismissed. *Id.* at 1-2. But the envelope that Ortiz mailed his renewed application is postmarked November 13, 2018. November 9 was a Friday; Monday, November 11 was Veterans Day; so a November 13 mailing is not at all unreasonable.

To track the case only (no appearance is required), the status hearing of April 19, 2019, is reset to May 10, 2019 at 8:30 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 1, 2019