UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tommy Ray Ortiz (2017-0720030), | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18 C 3385 |
| v. | ) ) Judge Edmond E. Chang |
| Bill Epperson, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff, Tommy Ray Ortiz, who is currently a detainee in the Cook County Jail, brought this *pro se* civil rights action, 42 U.S.C. § 1983, challenging certain events that happened when he was detained at Elgin Mental Health Center in 2018. On April 1, 2019, the Court dismissed Ortiz's complaint without prejudice because it failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and because it contained misjoined claims and defendants under Federal Rule of Civil Procedure 20(a)(2). R. 24. Ortiz has submitted a proposed amended complaint R. 29.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v.*

*Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

  Ortiz has re-organized the allegations in the amended complaint (and reduced it from 45 pages to 42 pages). But the allegations in the amended pleading are basically the same as the allegations in the original complaint. Specifically, Ortiz's amended pleading, like his original pleading, presents a plethora of allegations against various individuals arising from what appears to be unrelated events. Like the original complaint, the amended complaint runs afoul of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555; *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). The allegations jump around between Defendants and different events that occurred in 2018 when he was detained at Elgin, and bury the reader in prolixity (too many details). *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (a complaint that is too jam-packed with details makes it too difficult to comprehend and too difficult to answer). Also, Ortiz still has not linked specific allegations to specific Defendants in all instances (the amended pleading is peppered with ambiguous references to unknown security guards, security tech aids, and guards generally). *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (a complaint's allegations must "adequately connect specific defendants to illegal acts").

  Second, misjoinder is still a problem. Much like the original complaint, the amended pleading lists numerous (known and unknown) Elgin staff members in connection with certain events that occurred at the facility. More specifically, the amended pleading identifies an incident that occurred in April 2018 when Ortiz was aggressively searched by Elgin staff (for a candy bar), physically "attacked" by staff, and then forcibly injected with medication by staff. R. 29 at 9-13. The amended pleading also identifies instances when Ortiz's orthopedic shoes were confiscated by Elgin staff members. *Id.* at 13-14. The amended pleading also complains about Elgin staff allegedly falsifying Ortiz's records in order to have Ortiz moved to the forensic psychiatric unit at the facility (where he claims he was subjected to violence at the hands of other inmates). *Id.* at 14-15. Further still, the amended pleading complains about instances when Elgin staff prevented Ortiz from using the bathroom (which forced Ortiz to urinate and defecate on himself). *Id.* at 16. As explained in the prior order, Ortiz may not bring unrelated claims against unrelated defendants in a single complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). So any further amended complaint should be limited to related claims against properly joined defendants. Any remaining claims must be brought in a separate lawsuits, accompanied by a separate applications to proceed *in forma pauperis* (and requiring separate filing fees).

For the reasons discussed, the amended complaint may not proceed and is dismissed without prejudice. Given the nature of the allegations in the original and amended versions of the complaint, Ortiz may be able to state plausible claims. So the Court recruits attorney Michael L. Ralph to represent Ortiz in accordance with counsel's Trial Bar obligations under the District Court's Local Rule 83.37. After investigation, counsel should file an amended complaint, if he can do so consistent with his obligations under Federal Rule of Civil Procedure 11.

Lastly, Ortiz's "motion to compel the defendant(s) to supply this plaintiff with the full and true names of all of the defendant(s)" [28] is denied without prejudice. His recruited counsel will have discovery tools, including early issuance of subpoenas, to determine the identity of Doe Defendants if needed.

The status hearing of July 19, 2019, is reset to August 7, 2019, at 9:45 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: July 8, 2019