IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY R. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 3385 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM EPPERSON, *et al.,* | ) | District Judge Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS EPPERSON AND ZUBIK'S REPLY IN SUPPORT OF
<u>THEIR MOTION TO DISMISS</u>**

According to Plaintiff, the mere allegation that, upon information and belief, Defendants Zubik and Epperson coordinated an allegedly retaliatory search of Plaintiff's person and cell is sufficient to subject both those defendants to a lawsuit—despite the fact that Plaintiff's Second Amended Complaint contains no factual allegations linking either Defendant to the search itself. Plaintiff fails to adequately allege personal involvement in the alleged constitutional deprivation on the part of either of these Defendants, and his claims against these Defendants should be dismissed accordingly.

Plaintiff's reliance on bare speculation that Defendants Epperson and Zubik coordinated a search is insufficient to establish the personal involvement of either defendant without at least some plausible additional factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) (mere allegation of parallel conduct and "bare assertion of conspiracy" insufficient allegations in context of claim under § 1 of the Sherman Act); *see also Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011) (plaintiff's allegation that defendants "individually and/or in a conspiracy, intentionally interfered" with her employment was insufficient where there was no allegations supporting conspiratorial agreement or improper complicity). Here, there are no supporting

allegations giving rise to a reasonable inference that Defendants Epperson and Zubik coordinated the allegedly retaliatory search at issue: no allegations that either Defendant oversaw the search, ordered the search, met with other individuals about the search, or even an allegation that either Defendant *knew* about the search.

Moreover, Plaintiff does not address the Defendants' argument that the retaliation claims allowed to proceed past the motion to dismiss stage in cases cited by the Defendants were made against individuals that were alleged to have participated in the retaliatory action. In *Gardunio*, for instance, the plaintiff alleged that the defendants in that case "falsely arrested and maliciously prosecuted the Plaintiff" in retaliation for his political support. 674 F. Supp. 2d at 990. The complaint in *Gardunio* also explicitly alleged that the plaintiff was arrested by the defendant officers at the direction of another defendant. *Id*. at 983. In contrast, Plaintiff does not allege that either Defendant Epperson or Zubik participated in the allegedly retaliatory act (the search). Plaintiff's allegations are far more tenuous than those alleging *actual participation* by named defendants in cases where retaliation claims have gone forward. *See also Van Dyke v. Barnes*, No. 13-cv-5971, 2015 WL 148977, *7 (N.D. Ill. Jan. 12, 2015) (finding that personal involvement in retaliation context was sufficiently alleged where the defendant accompanied police to remove minor child from home).

Plaintiff's dependence upon a "chronology of events" argument to establish Defendants' Epperson and Zubik's involvement is likewise unconvincing. Noticeably absent from Plaintiff's response is a case where a suspicious chronology alone was sufficient to state a retaliation claim against individuals who were not alleged to have performed any purportedly retaliatory action. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (plaintiff stated retaliation claim against defendant who allegedly denied him access to law library after he had filed grievances against

2

her). Though Defendant Epperson allegedly told Plaintiff he "would be feeling the consequences for filing that lawsuit," Plaintiff's complaint is devoid of any assertion that Defendant Zubik so much as acknowledged the filing of the lawsuit. (Dkt. 40, ¶ 58–59.) And, even assuming for purposes of this motion to dismiss that Defendant Epperson told Plaintiff he would be feeling the consequences for filing his lawsuit, that statement does not reasonably connect Defendant Epperson to a search allegedly performed by other individuals approximately a month later based on information received from a third party. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012) (holding that, for a "suspicious-timing argument alone to give rise to an inference of causation, the plaintiff must demonstrate that an adverse employment action follows close on the heels of protected expression," typically "no more than a few days." ).

Despite Plaintiff's contention otherwise, the Second Amended Complaint contains no "supporting facts" that Defendants Epperson or Zubik participated in coordinating an allegedly retaliatory search: Plaintiff informing Defendants Epperson and Zubik of alleged issues and an isolated statement by Defendant Epperson approximately a month before the offending search do nothing to add plausibility to a claim of "coordination." Indeed, despite the pleading's resemblance to one of conspiracy, Plaintiff's Second Amended Complaint contains "not a whiff of a conspiratorial agreement or any improper complicity" other than a singular, conclusory allegation. *See Redd*, 663 F.3d at 292. And, any inference that Defendants Epperson and Zubik coordinated the search at issue is further undermined by Plaintiff's allegation that "Ortiz informed EMHC employees that he had filed the Original Complaint, including but not limited to Defendants Epperson and Zubik." (Dkt. 40, at ¶ 58.) The complaint provides no support for Plaintiff's coordination allegation other than Plaintiff's subjective belief. (Dkt. 58, at 4.) ("Plaintiff experienced humiliation and physical pain as a result of the search, *which Plaintiff believes* was

3

coordinated by Epperson and Zubik, among others.") (emphasis added.) Thus, the complaint falls short of a plausible allegation of personal involvement in regards to Plaintiff's retaliation claim.

Finally, Plaintiff's argument is further undercut by his allegation that, upon information and belief, a nurse reported Plaintiff to EMHC security personnel for hiding a candy bar. While Plaintiff now tries to paint this allegation as a "red herring," this pleading provides an alternative explanation for the allegedly retaliatory action—further casting Plaintiff's exhortations of "reasonable inferences" into doubt. *Cf. Gomez v. Randle*, 680 F.3d 859, 866–67 (7th Cir. 2012) (plaintiff stated claim for retaliation where there was no other explanation for his transfer at pleading stage); *see also Sanders v. Bertrand*, 72 Fed. Appx. 442, 444–45 (7th Cir. 2003) (additional facts provided by plaintiff left his retaliation claim resting "only on personal beliefs that cannot be substantiated").

For these reasons, Plaintiff has failed to sufficiently allege Defendants Epperson and Zubik's personal involvement in any retaliatory action; both Defendants should therefore be dismissed.

## CONCLUSION

For these reasons, Defendants Epperson and Zubik respectfully request that this Court dismiss the claims against them.

Respectfully submitted,

KWAME RAOUL  
Attorney General of Illinois

By: /s/ Erin Walsh  
ERIN WALSH  
Assistant Attorney General  
Office of the Illinois Attorney General  
General Law Bureau  
100 W. Randolph St., 13th Fl.  
Chicago, Illinois 60601  
(312) 814-6122  
ewalsh@atg.state.il.us