## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TOMMY R. ORTIZ, an individual,

                                Plaintiff,

      v.

WILLIAM EPPERSON, an individual,
THOMAS ZUBIK, an individual, RHAVEN
BARTEE, an individual, BRENDA LEE, an
individual, JANE DOE-MENTAL HEALTH
TECHNICIAN, an individual, SAMANTHA
MCDORMAN, an individual, NATHAN
BOYD, an individual, RALPH CARTER, an
individual, ALFREDA FLETCHER, an
individual, LADONALD SCOTT, an
individual, MICHELLE SANTOS, an
individual, JOHN DOE-SECURITY GUARD
1, an individual, and JOHN DOE-SECURITY
GUARD 2, an individual,

                             Defendants.

Case No. 18 CV 3385

Hon. Edmond E. Chang

JURY DEMAND

## __THIRD AMENDED COMPLAINT__

Plaintiff, Tommy R. Ortiz ("Ortiz"), by his attorneys, Taft Stettinius & Hollister, LLP, for

his Third Amended Complaint against William Epperson ("Epperson"), Thomas Zubik ("Zubik"),

Rhaven Bartee ("Bartee"), Brenda Lee ("Lee"), a Jane Doe Mental Health Technician ("Jane

Doe") at the Elgin Mental Health Center ("EMHC"), Samantha McDorman ("McDorman"),

Nathan Boyd ("Boyd"), Ralph Carter ("Carter"), Alfreda Fletcher ("Fletcher"), LaDonald Scott

("Scott"), Michelle Santos ("Santos") and two John Doe Security Guards at EMHC ("John Doe

Guards," and sometimes collectively with Epperson, Zubik, Bartee, Lee, Jane Doe, McDorman,

Boyd, Carter, Fletcher, Scott, and Santos, "Defendants"), states as follows:

## NATURE OF THE CASE

1.      Ortiz files this action against Defendants to recover damages caused by Defendants Bartee's, Lee's, and Jane Doe's infliction of cruel and unusual punishment in violation of the Eighth Amendment when they denied Ortiz access to the bathroom, causing him to defecate and urinate on himself on numerous occasions.   Ortiz additionally seeks to recover damages for Defendants Zubik's, Epperson's, Bartee's, Lee's, Jane Doe's, McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and the John Doe Guards' retaliation against Ortiz after filing his original complaint with this Court (the "Original Complaint"), in violation of his First Amendment rights.

## THE PARTIES

2.      Ortiz is an individual who was incarcerated at the Cook County Department of Corrections on or around July 19, 2017.

3.      Ortiz is currently incarcerated at the Cook County Department of Corrections.

4.      On or about December 3, 2017, Ortiz was transferred to EMHC.

5.      Defendant Epperson was the head of security at EMHC throughout 2018. Defendant Epperson is named in his individual capacity.

6.      Defendant Zubik was a social worker at EMHC from February 1997 to March 2018. Defendant Zubik has been the director of EMHC since March 2018.  Defendant Zubik is named in his individual capacity.

7.      Defendant Bartee was employed as a mental health technician at EMHC throughout 2018, and upon information and belief, Defendant Bartee resides at 411 N. State St., Apt. 1, Belvidere, IL 61008.  Defendant Bartee is named in her individual capacity.

8. Defendant Lee was employed at EMHC throughout 2018, and upon information and belief, Defendant Lee resides at 605 Prospect St., Apt. Upper, Elgin, IL 60120. Defendant Lee is named in her individual capacity.

9. Jane Doe was employed as a mental health technician at EMHC throughout 2018. Jane Doe is named in her individual capacity.

10. Defendants McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards were employed as security guards at EMHC throughout 2018. Upon information and belief, Defendant McDorman resides at 613 Spring Dr., Marengo, IL 60152; Defendant Boyd resides at 731 Redwood Ct., Genoa, IL 60135; Defendant Carter resides at 1301 Hunters Trail, Crystal Lake, IL 60014; Defendant Fletcher resides at 1903 Sharon Ave., Rockford, IL 61103; Defendant Scott resides at 100 Arquilla Dr., Algonquin, IL 60102; and Defendant Santos resides at 1420 Getzelman Dr., Apt. 2, Elgin, IL 60123. Defendants McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards are named in their individual capacity.

## JURISDICTION

11. Jurisdiction of this action is proper in this Court under 28 U.S.C. § 1331 and § 1343, this suit being authorized by 42 U.S.C. § 1983 to redress the deprivation of rights, privileges, and immunities guaranteed by the First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States.

## VENUE

12. Venue is proper, pursuant to 28 U.S.C. § 1391, in this Court because the events giving rise to this lawsuit took place in this District.

## FACTUAL ALLEGATIONS

### Cook County Department of Corrections & EMHC

13.     On or around July 20, 2017, Ortiz was charged with aggravated discharge of a weapon and sent to the Cook County Department of Corrections.

14.     On or around December 3, 2017, Ortiz was transferred to EMHC.

15.     From December 2017 until December 2018, Ortiz was housed at EMHC.

### The Hinton Unit

16.     For months in 2018, Ortiz was housed in the Hinton Unit at EMHC.

17.     While at the Hinton Unit at EMHC, Ortiz was supposed to use the bathroom located in his cell, or one of the two bathrooms located outside of his cell, available for Ortiz and others to use.

18.     Most days, Ortiz was removed from his cell and placed in the day room while at the Hinton Unit at EMHC.

19.     After Ortiz was removed from his cell and placed in the day room while at the Hinton Unit at EMHC, Defendant Bartee or another employee at EMHC would lock Ortiz's cell.

20.     When Ortiz was placed in the day room while at the Hinton Unit and had to defecate and/or urinate, he asked Defendant Bartee to unlock his cell or one of the two bathrooms located outside of his cell.

21.     On numerous occasions while Ortiz was housed at the Hinton Unit, Defendant Bartee denied Ortiz's requests to unlock his cell or one of the two bathrooms located outside of his cell.

22.     On each of these occasions, Ortiz would again ask Defendant Bartee to unlock a bathroom so that he may defecate and/or urinate.

23.     On many of these occasions, Defendant Bartee would tell Ortiz, "Just go ahead and shit and piss on yourself."

24.     As a result of Defendant Bartee's refusal to unlock any bathroom for Ortiz to use, Ortiz was forced to defecate and urinate on himself.

25.     For a significant period of time after Ortiz was forced to defecate and/or urinate on himself, Defendant Bartee still refused to unlock any bathroom for Ortiz to clean himself up.

26.     Often, Defendant Bartee would laugh at Ortiz after he was forced to defecate and/or urinate on himself.

27.     While laughing at Ortiz, Defendant Bartee would instruct Ortiz to state, "Please open my room door so that I can clean the shit out of my pants," prior to unlocking Ortiz's cell.

28.     Eventually, Defendant Bartee would unlock Ortiz's cell, sometimes stating to Ortiz, "You stink, go clean yourself up."

29.     Ortiz was forced to use a small washrag, soap, and water from the sink to attempt to clean himself up, but he was unable to fully clean himself after being forced to defecate and/or urinate on himself.

30.     As a result of Defendant Bartee's refusal to unlock a bathroom for Ortiz to use, Ortiz being forced to defecate and urinate on himself on numerous occasions, and Defendant Bartee's laughing at Ortiz, Ortiz suffered from extreme anxiety attacks and consistently felt depressed.

31.     Additionally, Ortiz frequently felt humiliated, demoralized, and embarrassed.

### The Forensic Unit

32.     After spending months in the Hinton Unit in 2018, Ortiz was transferred to the Forensic Unit at EMHC.

33.     Ortiz was housed in the Forensic Unit at EMHC for months.

34.     While at the Forensic Unit at EMHC, Ortiz was supposed to use the communal bathroom located outside of his cell, available for Ortiz and others to use.

35.     Most days, Ortiz was removed from his cell and placed in the day room while at the Forensic Unit at EMHC.

36.     On numerous occasions when Ortiz was placed in the day room at the Forensic Unit and had to urinate, Defendants Lee and Jane Doe locked the communal bathroom.

37.     On each of these occasions, Ortiz would ask Defendants Lee and Jane Doe to unlock the communal bathroom so that he may urinate.

38.     On many of these occasions, Defendants Lee and Jane Doe would tell Ortiz to "piss on [him]self."

39.     As a result of Defendants Lee's and Jane Doe's refusal to unlock the communal bathroom for Ortiz to urinate, Ortiz was forced to urinate on himself.

40.     Upon information and belief, Defendant Bartee contacted Defendants Lee and Jane Doe and encouraged them to engage in the same conduct of refusing Ortiz access to the bathroom, requiring him to urinate on himself.

41.     When Ortiz was placed in the day room at the Forensic Unit and had to defecate, Ortiz was supposed to ask an EMHC employee for toilet paper.

42.     On numerous occasions when Ortiz had to defecate and asked the appropriate EMHC employee in the day room of the Forensic Unit for toilet paper, Defendants Lee and Jane Doe ensured the communal bathroom was locked.

43.     On each of these occasions, Ortiz would again ask Defendants Lee and Jane Doe to unlock the communal bathroom so that he may defecate.

44.    On many of these occasions, Defendants Lee and Jane Doe would tell Ortiz to "shit on [him]self."

45.    As a result of Defendants Lee's and Jane Doe's refusal to unlock the communal bathroom for Ortiz to defecate, Ortiz was forced to defecate on himself.

46.    Upon information and belief, Defendant Bartee contacted Defendants Lee and Jane Doe and encouraged them to engage in the same conduct of refusing Ortiz access to the bathroom, requiring him to defecate on himself.

47.    For a significant period of time after Ortiz was forced to defecate and/or urinate on himself, Defendants Lee and Jane Doe still refused to unlock the communal bathroom for Ortiz to clean himself up.

48.    Often, Defendants Lee and Jane Doe would laugh at Ortiz after he was forced to defecate and/or urinate on himself.

49.    Eventually, Defendants Lee and Jane Doe would unlock the communal bathroom for Ortiz.

50.    Ortiz was forced to use a small washrag, soap, and water to attempt to clean himself up, but he was unable to fully clean himself after being forced to defecate and/or urinate on himself.

51.    As a result of Defendants Lee's and Jane Doe's refusal to unlock the communal bathroom for Ortiz to use, Ortiz being forced to defecate and urinate on himself on numerous occasions, and Defendant Lee's and Jane Doe's laughing at Ortiz, Ortiz suffered from extreme anxiety attacks and consistently felt depressed.

52.    Additionally, Ortiz frequently felt humiliated, demoralized, and embarrassed.

**Ortiz's Complaints and EMHC's Reaction**

53. On many occasions while housed at EMHC, Ortiz complained to Defendants Zubik and Epperson about Defendants Bartee's, Lee's, and Jane Doe's preventing Ortiz from using the bathroom, and causing Ortiz to defecate and/or urinate on himself.

54. After Ortiz complained to Defendant Zubik, Defendant Zubik told Ortiz that Defendants Bartee, Lee, and Jane Doe "are doing what we tell them to do."

55. Ortiz completed several EMHC complaint forms and wrote letters to EMHC supervisors to complain about Defendants Bartee's, Lee's, and Jane Doe's preventing Ortiz from using the bathroom, and causing Ortiz to defecate and/or urinate on himself.

56. Eventually, EMHC employees stopped giving Ortiz the required forms, and Ortiz was forced to continue to write letters to EMHC supervisors to complain about Defendants Bartee's, Lee's, and Jane Doe's preventing Ortiz from using the bathroom, and causing Ortiz to defecate and/or urinate on himself.

57. On May 11, 2018, while still housed at EMHC, Ortiz initiated this action by filing the Original Complaint against several EMHC employees alleging various violations of his constitutional rights.

58. Ortiz informed EMHC employees that he had filed the Original Complaint, including but not limited to Defendants Epperson and Zubik.

59. After Ortiz informed Defendant Epperson that he had filed the Original Complaint, Defendant Epperson told Ortiz that he "would be feeling the consequences for filing that lawsuit."

60. Following Defendant Epperson's informing Ortiz that he "would be feeling the consequences for filing that lawsuit," Ortiz asked Defendant Epperson if he was threatening him, and Defendant Epperson smiled at Ortiz and walked away.

61.     In June 2018, Ortiz was housed at EMHC.

62.     Upon information and belief, on or around June 17, 2018, an EMHC nurse reported to EMHC security personnel that Ortiz was hiding a candy bar.

63.     Thereafter, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards physically searched Ortiz and his cell.

64.     During this search, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards squeezed Ortiz's genitals, put their hands between Ortiz's buttocks, and seized personal items from Ortiz's cell.

65.     Ortiz requested McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and the John Doe Guards' names, but they refused and laughed at Ortiz.

66.     Ortiz neither had a candy bar nor was hiding one, and McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards who conducted the search never found a candy bar on Ortiz's person or in his cell.

67.     Ortiz experienced humiliation and physical pain as a result of the search.

68.     Upon information and belief, Defendants Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards coordinated the search as a result of Ortiz's initiating this action by filing the Original Complaint.

## COUNT I-VIOLATION OF THE EIGHTH AMENDMENT

69.     Ortiz realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68 as if fully set forth herein.

70.     On numerous occasions while housed at EMHC in 2018, Ortiz was forced to defecate and/or urinate on himself because he was not allowed access to a bathroom.

71.     On these occasions, Defendants Bartee, Lee, and Jane Doe denied Ortiz access to a bathroom despite Ortiz's requests to use a bathroom.

72.     Ortiz was forced to sit in his own urine and/or feces for a significant period of time before Defendants Bartee, Lee, and/or Jane Doe would unlock a bathroom for Ortiz to attempt to clean himself.

73.     Ortiz suffered from extreme anxiety attacks and consistently felt depressed, humiliated, demoralized, anxious, and embarrassed by being forced to defecate and/or urinate on himself and sit in his own feces and/or urine.

74.     Ortiz additionally experienced extreme discomfort as a result of being forced to sit in his own feces and/or urine.

75.     Defendants Bartee, Lee, and/or Jane Doe knew that by failing to open a bathroom for Ortiz to use, Ortiz would be forced to defecate and/or urinate on himself.

76.     Defendants Bartee, Lee, and/or Jane Doe knew or should have known of the health concerns Ortiz was subjected to when he was forced to urinate and/or defecate on himself.

77.     Defendants Bartee's, Lee's, and/or Jane Doe's failure to allow Ortiz access to a bathroom, and requiring him to defecate and/or urinate on himself, violated the Eighth Amendment.

78.     Defendants Bartee, Lee, and Jane Doe are each liable under 42 U.S.C. § 1983 to Ortiz for denying him his rights provided under the Eighth Amendment.

WHEREFORE, Ortiz prays that this Court enter judgment in his favor and against Defendants Rhaven Bartee, Brenda Lee, and Jane Doe for violations of the Eighth Amendment and award Ortiz: (i) damages for the violation of his rights; (ii) punitive damages; (iii) the costs of

this suit, including reasonable attorneys' fees; and (iv) any further relief that this Court deems just and appropriate.

## COUNT II-FIRST AMENDMENT RETALIATION

79.     Ortiz realleges and incorporates by reference the allegations set forth in paragraphs 1 through 78 as if fully set forth herein.

80.     Ortiz had a right to initiate this action by filing the Original Complaint on May 11, 2018.

81.     Upon information and belief, Defendants Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards coordinated the search as a result of Ortiz's initiating this action by filing the Original Complaint.

82.     The unnecessary search of Ortiz's person and his cell occurred to prevent Ortiz from filing complaints regarding the treatment he has experienced at EMHC.

83.     Defendants Zubik's, Epperson's, Bartee's, Lee's, Jane Doe's, McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and/or the John Doe Guards' conduct would deter individuals from exercising their First Amendment rights in the future.

84.     After Ortiz initiated this action by filing the Original Complaint, Defendants Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards were motivated to silence Ortiz.

85.     The search of Ortiz's person and his cell would not have happened absent the filing of his lawsuit on May 11, 2018.

86.     Defendants Zubik's, Epperson's, Bartee's, Lee's, Jane Doe's, McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and the John Doe Guards' conduct violated the First Amendment.

87. Defendants Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards are liable under 42 U.S.C. § 1983 to Ortiz for denying him his rights provided under the First Amendment.

WHEREFORE, Ortiz prays that this Court enter judgment in his favor and against Defendants Thomas Zubik, William Epperson, Rhaven Bartee, Brenda Lee, Jane Doe, Samantha McDorman, Nathan Boyd, Ralph Carter, Alfreda Fletcher, LaDonald Scott, Michelle Santos, and the John Doe Guards for violations of the First Amendment and award Ortiz: (i) damages for the violation of his rights; (ii) punitive damages; (iii) the costs of this suit, including reasonable attorneys' fees; and (iv) any further relief that this Court deems just and appropriate.

### **JURY DEMAND**

Plaintiff Tommy R. Ortiz requests a trial by jury.

Dated: July 22, 2020

Respectfully submitted,
**TOMMY R. ORTIZ**

By: _/s/ Zachary R. Clark_
      One of his Attorneys

William J. Serritella, Jr.
wserritella@taftlaw.com
Zachary R. Clark
zclark@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
(312) 527-4000

27580516.1

12