IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY R. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18-cv-3385 |
| | ) | |
| vs. | ) | Hon. Edmond E. Chang |
| | ) | |
| | ) | |
| WILLIAM EPPERSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS EPPERSON & ZUBIK'S
MOTION TO DISMISS**

Defendants William Epperson and Thomas Zubik, by their attorney, Kwame Raoul, Attorney General of Illinois, state as follows in support of their motion to dismiss brought pursuant to Rule 12(b)(6).

**INTRODUCTION**

On May 11, 2018, Plaintiff filed an eighteen-page Complaint against approximately twenty defendants complaining of a litany of travails that supposedly occurred while he was housed at Elgin Mental Health Center ("EMHC"). Plaintiff's Third Amended Complaint is presently before the Court. But the May 11, 2018 Complaint originally filed by Plaintiff remains at issue in a sense: according to Plaintiff, he was retaliated against by Defendants William Epperson and Thomas Zubik due to his filing of this document.[1]

---

[1] Plaintiff also asserts an Eighth Amendment claim in his Third Amended Complaint. The Eighth Amendment claim is not brought against Defendants Epperson or Zubik and is not addressed here.

1

Plaintiff's First Amendment retaliation claim against Defendants Epperson and Zubik should be dismissed for one simple reason: Plaintiff has not alleged that either Defendant was personally involved in any alleged constitutional deprivation. And, in light of Plaintiff's allegation that an unnamed nurse (who is not a defendant) complained that Plaintiff possessed a candy bar, there is no reasonable inference that the alleged search of Plaintiff's room was done at the behest of Defendants for any improper reason. For this reason, Defendants Epperson and Zubik must be dismissed.

### BACKGROUND

In July 2017, Plaintiff was changed with aggravated discharge of a weapon and sent to Cook County Department of Corrections, where he remained until being transferred to EMHC sometime in December 2017. (Dkt. 66, ¶¶ 13–14.) According to his Third Amended Complaint, Plaintiff was housed at EMHC from December 2017 until December 2018. (*Id.*, ¶ 15.) It was sometime after Plaintiff's transfer to EMHC that his troubles ostensibly began.

Plaintiff alleges that while he was EMHC, he was denied access to a bathroom by Defendant Rhaven Bartee on numerous occasions. (*Id.*, ¶ 21.) Because of Defendant Bartee's refusal to unlock a bathroom for Plaintiff's use, Plaintiff was purportedly "forced to defecate and urinate on himself on numerous occasions." (*Id.*, ¶ 30.) Plaintiff alleges that Defendant Bartee enlisted Defendants Brenda Lee and Jane Doe in similarly refusing Plaintiff access to the bathroom. (*Id.*, ¶ 40.) According to Plaintiff, he was forced to defecate and urinate on himself on numerous occasions due to Defendant Lee and Jane Doe's conduct. (*Id.*, ¶ 51.) Plaintiff allegedly complained about Defendants Bartee, Lee, and Jane Doe's behavior to EMHC

2

supervisors—including, apparently, Defendants Epperson and Zubik. (*Id*., ¶¶ 53–56.) Plaintiff then filed his May 11, 2018 lawsuit against approximately twenty EMHC employees. (*Id*., ¶ 57.)

After filing the May 2018 Complaint, Plaintiff informed Defendants Epperson and Zubik of the lawsuit. (*Id*., ¶ 58.) According to Plaintiff, Defendant Epperson responded to this information by telling Plaintiff that he "would be feeling the consequences for filing the lawsuit." (*Id*., ¶ 59.)

About a month after Plaintiff filed his original Complaint, an unnamed EMHC nurse reported to facility security personnel that Plaintiff was hiding a candy bar. (*Id*., ¶ 62.) Plaintiff's cell and his person were searched by Defendants McDorman, Boyd, Carter, Fletcher, Scott, Santos, and John Doe Guards following the receipt of this information from the nurse. (*Id*., ¶ 63.) Plaintiff alleges that he neither had a candy bar nor was hiding a candy bar, and that no candy bar was found. (*Id*., ¶ 66.) Plaintiff asserts, with no factual support whatsoever, that, "[u]pon information and belief, Defendants Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards coordinated the search as a result of [Plaintiff's] initating this action by filing the Original Complaint." (*Id*., ¶ 68.)

## STANDARD

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th

Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp.*, 550 U.S. at 570). To withstand a Rule 12(b)(6) motion, the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (internal quotations omitted) (citations omitted).

## ARGUMENT

To state a claim for First Amendment retaliation, Plaintiff must plead allegations that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was a motivating factor in the defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 546. As with any action brought under § 1983, Plaintiff must also include allegations that allow for at least a plausible inference that each defendant was personally involved in the claimed constitutional violation. *Whitford v. Boglino*, 63 F.3d 527, 530–31 (7th Cir. 1995).

Here, Plaintiff has failed to plead allegations sufficient to suggest that either Defendant Epperson or Zubik were involved in the alleged deprivation of his First Amendment rights. Neither Defendant Epperson nor Zubik are alleged to have physically participated in the allegedly retaliatory search of Plaintiff's person or cell, and Plaintiff does not allege that Defendants Epperson or Zubik ordered the search of Plaintiff and his cell to occur.

Furthermore, the allegations do not suggest that Defendants Epperson or Zubik—or any security personnel for that matter—said anything linking the search to any of the named

4

defendants. Instead, Plaintiff relies solely on the supposition, resting shakily upon information and belief, that "Defendant Zubik, Epperson, Bartee, Lee, Jane Doe, McDorman, Boyd, Carter, Fletcher, Scott, Santos, and the John Doe Guards coordinated the search as a result of [Plaintiff's] initiation this action by filing the Original Complaint." (Dkt. 66, ¶ 81.)

Presumably, Plaintiff's only factual support for this conjecture is that he told Defendants Epperson and Zubik about his Complaint. But without more, simply telling those defendants about the Complaint is insufficient to allege they were personally involved in the claimed constitutional deprivation where they did not actually participate in the search. *C.f. Gardunio v. Town of Cicero*, 674 F.Supp.2d 976, 983, 990 (N.D. Ill. 2009) (allegation that the defendants falsely arrested and prosecuted plaintiff and plaintiff's assertion he was arrested at direction of one of the defendants sufficient); *Patterson v. Johnson*, No. 17-cv-1067, 2017 WL 6021832, *10 (S.D. Ill. Dec. 5, 2017) (allegations sufficient to state claim for retaliation where it was alleged that defendants fabricated disciplinary charges); *Van Dyke v. Barnes*, No. 13-cv-5971, 2015 WL 148977, *7 (N.D. Ill. Jan. 12, 2015) (personal involvement adequately alleged in context of retaliation claim where it was alleged defendant restricted contact between plaintiff and her foster child and where all defendants were involved in the removal of the child from plaintiff's home); *see also Romeo-Arrizabal v. Ramos*, No. 16-cv-5967, 2019 WL 1281968, *3 (N.D. Ill. March 20, 2019) (Tharp, J.) (First Amendment retaliation claim dismissed where other individuals committed the adverse action and the named defendants were merely alleged to have directed and ratified their actions).

Moreover, Plaintiff's allegation that an EMHC nurse who has not been named as a defendant reported that Plaintiff was hiding a candy bar dooms any reasonable inference that

5

Defendants Epperson and Zubik coordinated the search out of a retaliatory motive. Rather, Plaintiff's own complaint suggests that security personnel were informed by a third party that Plaintiff possessed a candy bar. (Dkt. 66, ¶¶ 62–63.) With no allegation that Defendants Epperson or Zubik coordinated that report, the natural inference from Plaintiff's own allegations is that the allegedly retaliatory search occurred at the hands of security personnel because of information received from an EMHC nurse. Significantly, the EMHC nurse that reported Plaintiff's possession of a candy bar is not named as a defendant in any capacity.

Thus, Plaintiff's Third Amended Complaint is devoid anything beyond "suspicious circumstances and timing" that, alone, are insufficient to survive a motion to dismiss. *Garner v. City of Country Club Hills, Ill.*, 11-cv-5164, 2012 WL 3017966, *2 (N.D. Ill. July 23, 2012) (Dow, J.). Thus, Plaintiff's unfounded proposition that Defendants Epperson and Zubik coordinated the search is nothing more than speculative and conclusory. As such, Defendants Epperson and Zubik should be dismissed as Plaintiff's only claim against them pertains to the alleged First Amendment violation.

## CONCLUSION

WHEREFORE, Defendants William Epperson and Thomas Zubik respectfully request that this Honorable Court enter an order dismissing them from this lawsuit.

KWAME RAOUL
Illinois Attorney General

BY: */s/ Erin Walsh*

ERIN WALSH
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Fl.
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us