**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMY R. ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 3385 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM EPPERSON, *et al.,* | ) | District Judge Edmond E. Chang |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MCDORMAN, CARTER, FLETCHER, SCOTT, AND SANTOS'
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Samantha McDorman, Ralph Carter, Alfreda Fletcher, LaDonald Scott, and Michelle Santos, by their attorney, Kwame Raoul, Attorney General of Illinois, state as follows in support of their motion to dismiss brought pursuant to Rule 12(b)(6).

**INTRODUCTION**

According to Plaintiff, and upon information and belief, Defendants McDorman, Carter, Fletcher, Scott, and Santos (hereinafter Security Defendants) conspired with Defendants William Epperson, Thomas Zubik, Rhaven Bartee, Jane Doe, Brenda Lee, and John Doe Guards to perform a retaliatory search of his person and his cell. Plaintiff alleges that this search was performed because he filed a lawsuit in May 2018, though Plaintiff fails to allege that any of the Security Defendants knew about this lawsuit.

Plaintiff's First Amendment retaliation claim against the Security Defendants must be dismissed. Plaintiff has not alleged, other than a speculative accusation about coordination, that the Security Defendants had any knowledge of Plaintiff's May 2018 lawsuit. Moreover, Plaintiff's allegation that, upon information and belief, a third party reported that he was in possession of a

candy bar undermines any plausible inference that the Security Defendants performed the search for a retaliatory purpose.

## BACKGROUND

In July 2017, Plaintiff was charged with aggravated discharge of a weapon and sent to Cook County Department of Corrections, where he remained until being transferred to Elgin Mental Health Center (EMHC) sometime in December 2017. (Dkt. 66, ¶¶ 13–14.) According to his Third Amended Complaint, Plaintiff was housed at EMHC from December 2017 until December 2018. (*Id.*, ¶ 15.)

Plaintiff alleges that while he was at EMHC, he was denied access to a bathroom by Defendant Rhaven Bartee on numerous occasions. (*Id.*, ¶ 21.) Because of Defendant Bartee's refusal to unlock a bathroom for Plaintiff's use, Plaintiff was purportedly "forced to defecate and urinate on himself on numerous occasions." (*Id.*, ¶ 30.) Plaintiff alleges that Defendant Bartee enlisted Defendants Brenda Lee and Jane Doe in similarly refusing Plaintiff access to the bathroom. (*Id.*, ¶ 40.) According to Plaintiff, he was forced to defecate and urinate on himself on numerous occasions due to Defendant Lee and Jane Doe's conduct. (*Id.*, ¶ 51.) Plaintiff allegedly complained about Defendants Bartee, Lee, and Jane Doe's behavior to EMHC supervisors—including, apparently, Defendants Epperson and Zubik. (*Id.*, ¶¶ 53–56.) Plaintiff subsequently filed a lawsuit on May 11, 2018. (*Id.*, ¶ 57.)

About a month after Plaintiff filed his original Complaint, an unnamed EMHC nurse reported to facility security personnel that Plaintiff was hiding a candy bar. (*Id.*, ¶ 62.) Plaintiff's cell and his person were searched by Defendants McDorman, Boyd, Carter, Fletcher, Scott, Santos, and John Doe Guards following the receipt of this information. (*Id.*, ¶ 63.) Plaintiff alleges that he neither had a candy bar nor was hiding a candy bar, and that no candy bar was found. (*Id.*, ¶ 66.)

While Plaintiff has no factual allegations that any of the Security Defendants were aware of Plaintiff's May 2018 lawsuit, or that the Security Defendants had spoken to Defendants Epperson or Zubik about the search of Plaintiff's cell or person, Plaintiff nevertheless alleges that the Security Defendants "coordinated" the search with Defendants Epperson, Zubik, Bartee, Lee, and Jane Doe because Plaintiff filed his May 2018 lawsuit. (*Id.*, ¶ 68.) Though Plaintiff alleges two counts in his Third Amended Complaint, only his First Amendment retaliation claim has been brought against the Security Defendants.

## STANDARD

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 570). To withstand a Rule 12(b)(6) motion, the complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative left." *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (internal quotations omitted) (citations omitted).

## ARGUMENT

To state a claim for First Amendment retaliation, Plaintiff must plead allegations that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would

3

likely deter First Amendment activity in the future; and (3) the First Amendment activity was a motivating factor in the defendants' decision to take the retaliatory action. *Bridges*, 557 F.3d at 546. Plaintiff must also include allegations that show each defendant was personally involved in the claimed deprivation. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995).

While Plaintiff has alleged that the Security Defendants participated in the allegedly retaliatory search, Plaintiff has not pled that any of the Security Defendants had any knowledge of Plaintiff's May 2018 lawsuit. With no claim that any of the Security Defendants knew of Plaintiff's protected speech, his claim of retaliation "makes no sense." *Neita v. City of Chicago*, No. 19-cv-595, 2019 WL 5682838, *5 (N.D. Ill. Nov. 1, 2019). Because Plaintiff's complaint provides no factual basis upon which one could infer that the Security Defendants knew about his filed lawsuit at the time of alleged search, Plaintiff's retaliation claim against them necessarily fails. *See Caldwell v. City of Elwood*, 959 F.2d 670, 673 (7th Cir. 1992) (plaintiff failed to sufficiently allege retaliation where there was no allegation the defendants knew of allegedly protected speech and only conclusorily connected conversation to disciplinary measures); *Baisi v. Burke*, 359 F. Supp. 3d 592, 596 (N.D. Ill. 2019). Accordingly, Plaintiff's request for relief does not rise above the speculative level. *Id.*; *see also Irmer v. Reinsdorf*, No. 13-cv-2834, 2014 WL 2781833, *5 (N.D. Ill. June 19, 2014) (plaintiff failed to state retaliation claim where she failed to include any plausible allegations that defendant knew about the allegedly protected speech).

Given the lack of any allegation suggesting any of the Security Defendants knew about Plaintiff's lawsuit, there is no reason to suspect any of the Security Defendants searched Plaintiff's cell or person for any retaliatory purpose. *See Baisi*, 359 F. Supp. 3d at 596. And Plaintiff's own allegations suggest there was a perfectly legitimate reason for the search. According to Plaintiff, upon information and belief, an EMHC nurse reported to security personnel that he was hiding a

4

candy bar; it was only after the receipt of this information that the Security Defendants searched Plaintiff's person and cell. *Cf. Gomez v. Randle*, 680 F.3d 859, 866–67 (7th Cir. 2012) (plaintiff stated claim for retaliation where there was no other explanation for his transfer at pleading stage); *see also Sanders v. Bertrand*, 72 Fed. App'x 442, 444–45 (7th Cir. 2003) (additional facts provided by plaintiff left his retaliation claim resting "only on personal beliefs that cannot be substantiated"). Between Plaintiff's lack of any allegation that the Security Defendants knew about Plaintiff's lawsuit and his allegation suggesting that a nurse had reported he had a candy bar, Plaintiff has failed to state a claim against the Security Defendants for retaliation. Plaintiff's allegation that the Security Defendants "coordinated" the search as a result of Plaintiff filing a lawsuit is sheer speculation, with no supporting factual allegations.

For these reasons, Plaintiff has failed to state a First Amendment retaliation claim against the Security Defendants and his claim against them must be dismissed accordingly.

## CONCLUSION

For these reasons, the Security Defendants respectfully request that this Court dismiss the First Amendment retaliation claim against them.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By: /s/ Erin Walsh
ERIN WALSH
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-6122
ewalsh@atg.state.il.us