**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOMMY R. ORTIZ, an individual, <br><br>                         Plaintiff, <br><br>       v. <br><br> WILLIAM EPPERSON, an individual, THOMAS ZUBIK, an individual, RHAVEN BARTEE, an individual, BRENDA LEE, an individual, JANE DOE-MENTAL HEALTH TECHNICIAN, an individual, SAMANTHA MCDORMAN, an individual, NATHAN BOYD, an individual, RALPH CARTER, an individual, ALFREDA FLETCHER, an individual, LADONALD SCOTT, an individual, MICHELLE SANTOS, an individual, JOHN DOE-SECURITY GUARD 1, an individual, and JOHN DOE-SECURITY GUARD 2, an individual, <br><br>                      Defendants. | Case No. 18 CV 3385 <br><br> Hon. Edmond E. Chang |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MCDORMAN'S, CARTER'S, FLETCHER'S, SCOTT'S, AND SANTOS' MOTION TO DISMISS**

Plaintiff, Tommy R. Ortiz ("Plaintiff"), by and through his undersigned counsel, for his Memorandum of Law in Opposition to the Motion to Dismiss filed by Defendants Samantha McDorman, Ralph Carter, Alfreda Fletcher, LaDonald Scott, and Michelle Santos (collectively, "Defendants"), states as follows:

**INTRODUCTION**

Defendants, security guards at Elgin Mental Health Center ("EMHC"), laughed at Plaintiff while squeezing his genitals, putting their hands between his buttocks, and seizing personal items from his cell during a purported search for a nonexistent candy bar soon after Plaintiff explicitly

told EMHC's head of security and director ("Defendants' Superiors") that he initiated this action by filing his original complaint with this Court (the "Original Complaint"), and Defendants' Superiors told Plaintiff that he "would be feeling the consequences for filing th[is] lawsuit." While Defendants' search of Plaintiff was unsuccessful in one sense (a candy bar was never found), it was certainly successful in another: Defendants ensured that Plaintiff felt the consequences for filing the Original Complaint.

The Third Amended Complaint (the "Complaint") contains nearly ninety well-pled allegations demonstrating valid claims for: (Count I) violation of the Eight Amendment against three EMHC employees; and (Count II) First Amendment retaliation against Defendants and Defendants' Superiors. Defendants now move to dismiss Count II of the Complaint (the "Motion"), claiming that the Complaint does not specifically allege that Defendants knew about the Original Complaint. This argument, however, does not pass muster because the Complaint alleges that Plaintiff told Defendants' Superiors that he filed the Original Complaint, Defendants' Superiors promised to make Plaintiff "feel[] the consequences for filing th[e Original Complaint]," and Defendants laughed at Plaintiff and physically assaulted him during a bogus search for a candy bar because he filed the Original Complaint. Defendants' conduct—squeezing Plaintiff's genitals, putting their hands between Plaintiff's buttocks, seizing personal items from Plaintiff's cell, and laughing at Plaintiff, all the while failing to discover a candy bar—gives rise to only two plausible inferences: (1) Defendants knew about this lawsuit; and (2) Defendants wanted to make Plaintiff pay for initiating it. For all of the reasons stated below, the Motion should be denied.

## WELL-PLED FACTS

Plaintiff was incarcerated at the Cook County Department of Corrections in July 2017 before being transferred to EMHC in December 2017. Compl. ¶¶ 2, 4. Beginning in 2018, various

2

EMHC employees refused to allow Plaintiff to use the bathroom, forced Plaintiff to urinate and defecate on himself, prevented Plaintiff from adequately cleaning himself up, and caused Plaintiff to experience extreme anxiety attacks and consistently feel depressed, humiliated, demoralized, and embarrassed.[1]  *Id.* ¶¶ 7-9, 17-31, 34-52.

On May 11, 2018, while still housed at EMHC, Plaintiff filed the Original Complaint and informed numerous EMHC employees, including Defendants' Superiors, that he had filed the Original Complaint.  *Id.* ¶¶ 1, 5-6, 57-58.  Critically, one of Defendants' Superiors told Plaintiff that he "would be feeling the consequences for filing that lawsuit," and when Plaintiff asked if he was threatening Plaintiff, he smiled at Plaintiff and walked away.  *Id.* ¶¶ 59-60.

On or around June 17 2018, Plaintiff was told that an EMHC nurse reported to EMHC security personnel that he was hiding a candy bar.  *Id.* ¶ 62.  Thereafter, Defendants physically searched Plaintiff and his cell, and during this search, Defendants squeezed Plaintiff's genitals, put their hands between Plaintiff's buttocks, seized personal items from Plaintiff's cell, and laughed at Plaintiff.  *Id.* ¶¶ 10, 63-64.  Plaintiff neither had a candy bar nor was hiding one, and Defendants never found a candy bar on Plaintiff's person or in his cell.  *Id.* ¶ 66.  Plaintiff experienced humiliation and physical pain as a result of the search, which was coordinated by Defendants.  *Id.* ¶¶ 67-68.

## LEGAL STANDARD

All that is required to overcome a motion to dismiss is that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff need only provide "enough detail to give the defendant fair notice of what the

---

[1]     For brevity, and because Plaintiff previously set forth all relevant well-pled facts in his Opposition to Defendants' Superiors' Motion to Dismiss (ECF No. 71), the facts recited herein are only those essential to the determination of Defendants' motion.

claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In considering a motion to dismiss, courts must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018) (alteration in original) (citation omitted).

"A court may dismiss a complaint pursuant to Rule 12(b)(6) only if it is clear that no relief is possible under any set of facts that could be established consistent with the allegations." *Chrissafis v. Cont'l Airlines, Inc.*, 940 F. Supp. 1292, 1295 (N.D. Ill. 1996) (citing *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A "plaintiff can plead conclusions as long as those conclusions provide minimal notice of the claim." *Gelco Corp. v. Duval Motor Co.*, No. 02 C 5613, 2002 WL 31875537, at *7 (N.D. Ill. Dec. 26, 2002) (citation omitted). A well-pled complaint should be upheld on a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (citation omitted). Notice pleading differs from evidentiary proof and "does not imply 'plaintiff must allege [all evidence] at the outset.'" *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 923-24 (7th Cir. 2007).

## ARGUMENT

**I.      Plaintiff Stated a Claim for First Amendment Retaliation Against Defendants.**

The elements of a First Amendment retaliation claim are: "(1) [the plaintiff] engaged in activity protected by the First Amendment; (2) [the plaintiff] suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at

least a motivating factor' in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). The defendants must have "caused or participated in [the] alleged constitutional deprivation," and "[a] complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 574, 573 (7th Cir. 2000) (first alteration in original) (citations omitted).

Count II of the Complaint sufficiently states a claim for First Amendment retaliation against Defendants. Specifically, the Complaint alleges that Plaintiff engaged in activity protected by the First Amendment by filing the Original Complaint. *See* Compl. ¶¶ 1, 57-58, 80. Further, the Complaint alleges that: (1) Plaintiff informed numerous EMHC employees that he had filed the Original Complaint, including Defendants' Superiors, *id.* ¶ 58; (2) Defendants' Superiors told Plaintiff that the EMHC employees were "doing what we tell them to do" with respect to their preventing Plaintiff from using the bathroom and causing Plaintiff to defecate and/or urinate on himself, and that Plaintiff "would be feeling the consequences for filing" the Original Complaint, *id.* ¶¶ 54, 59; (3) one of Defendants' Superiors smiled at Plaintiff and walked away when Plaintiff asked if he was threatening Plaintiff, *id.* ¶ 60; (4) after Plaintiff's conversations with Defendants' Superiors, Defendants laughed at Plaintiff and unsuccessfully searched Plaintiff and his cell for a candy bar by squeezing Plaintiff's genitals, putting their hands between Plaintiff's buttocks, and seizing personal items from Plaintiff's cell, *id.* ¶¶ 63-66; and (5) Defendants coordinated the search as a result of Plaintiff's filing the Original Complaint, *id.* ¶ 68.

These allegations must be accepted as true for purposes of deciding this Motion. *See Cannici*, 885 F.3d at 479. As explained below, Defendants' arguments contradict the well-pled complaint, and therefore, must be rejected.

**II.** **Plaintiff Pled that Defendants Had Constructive Knowledge of the Original Complaint and Retaliated Against Him Because He Filed the Original Complaint.**

Defendants argue that Plaintiff's First Amendment retaliation claim should be dismissed because Plaintiff failed to specifically plead that Defendants knew about the Original Complaint. Mot. at 4. The problem with Defendants' argument is two-fold.

First, and fundamentally, this argument contradicts the well-pled allegations in the Complaint. The Complaint specifically alleges that "Defendants . . . McDorman, . . . Carter, Fletcher, Scott, [and] Santos[] . . . coordinated the search as a result of [Plaintiff]'s initiating this action by filing the Original Complaint." Compl. ¶ 68. The Complaint further alleges that Plaintiff informed Defendants' Superiors that he had filed the Original Complaint, Defendants' Superiors told Plaintiff that the EMHC employees were "doing what we tell them to do" and that Plaintiff "would be feeling the consequences for filing" the Original Complaint, and Defendants searched Plaintiff for a nonexistent candy bar by squeezing Plaintiff's genitals, putting their hands between Plaintiff's buttocks, seizing personal items from Plaintiff's cell, and laughing at Plaintiff. *Id.* ¶¶ 54, 58-59, 63-66. These well-pled facts support the allegation that Defendants knew about the Original Complaint from their superiors and made sure that Plaintiff "fe[lt] the consequences for filing" the Original Complaint, and may not be disregarded or contradicted at this stage of the litigation. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017) (On a motion to dismiss for failure to state a claim, a court "accept[s] all well-pled facts as true and construe[s] all inferences in the nonmovant's favor, granting the motion only when the complaint fails to allege facts sufficient to 'state a claim to relief that is plausible on its face.'" (citation omitted)).

Second, the cases that Defendants cite in support of their argument are inapplicable because the plaintiffs' allegations in these cases pale in comparison to the allegations set forth in the Complaint:

• In *Neita v. City of Chicago*, No. 19 C 595, 2019 WL 5682838 (N.D. Ill. Nov. 1, 2019), the Court found the plaintiff's allegations that he "previously filed a civil rights lawsuit similar to the present one," and that "all of the defendant officers' acts . . . were motivated by a desire to retaliate against him for doing so," insufficient to infer an allegation that the defendant officers knew of the prior suit. *Id.* at *1, 5.

• In *Caldwell v. City of Elwood, Indiana*, 959 F.2d 670 (7th Cir. 1992), the Court found the plaintiff firefighter "failed to connect [in a non-conclusory manner] his private conversation [regarding safety and employment concerns] to the mayor with the disciplinary measures taken by [the fire department chief defendant]." *Id.* at 672.

• In *Baisi v. Burke*, 359 F. Supp. 3d 592 (N.D. Ill. 2019), the prisoner plaintiff failed to provide "any factual basis in the complaint from which to infer that [the prison official] defendants knew about [a previous lawsuit], or had any reason to suspect that his lawyer's visit was related to the claims he asserted in that case[] . . . ." *Id.* at 596.

• In *Irmer v. Reinsdorf*, No. 13–cv–2834, 2014 WL 2781833 (N.D. Ill. 2014), a retaliation claim of the former Executive Director and Chief Executive Officer of the Illinois Sports Facilities Authority ("ISFA") was dismissed because she "failed to state a claim that she . . . engag[ed] in protected speech," and did "not allege[] that the majority of the ISFA Board terminated her based on her protected speech." *Id.* at *4-5.

Here, the Complaint alleges that Plaintiff informed Defendants' Superiors that he filed the Original Complaint, Defendants' Superiors told Plaintiff that the EMHC employees' improper

activity was occurring at their direction and that Plaintiff "would be feeling the consequences for filing" the Original Complaint, and that the Defendants coordinated the retaliatory search of Plaintiff as a result of his filing the Original Complaint. *Id.* ¶¶ 53-54, 58-59, 68. The Motion should be denied because the Complaint must be construed "in the light most favorable to [P]laintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [Plaintiff's] favor," *see Cannici*, 885 F.3d at 479, and the Complaint provides "enough detail to give [Defendants] fair notice of what the claim is and the grounds upon which it rests." *See Tamayo*, 526 F.3d at 1083 (citations omitted).

Accordingly, the Motion should be dismissed because the Complaint sets forth well-pled facts supporting the allegation that Defendants had constructive knowledge of the Original Complaint, and retaliated against Plaintiff because of his filing the Original Complaint.

### III. Plaintiff's Allegation Regarding the Pretextual Reason for the Retaliatory Search Does Not Bar Plaintiff's Claim Against Defendants.

Defendants claim that Plaintiff's allegation relating to the EMHC nurse mandates dismissal of Count II against them, but in reality, it supports the fact that Defendants retaliated against Plaintiff for filing the Original Complaint. After all, it is objectively unreasonable for Defendants to have squeezed Plaintiff's genitals, put their hands between Plaintiff's buttocks, seized personal items from Plaintiff's cell, or laughed at Plaintiff if all they were looking for was a candy bar. To be clear, whether an EMHC nurse actually reported that Plaintiff was hiding a candy bar, whether Defendants or Defendants' Superiors told someone to provide this bogus reason to Plaintiff, and whether Defendants or Defendants' Superiors told an EMHC nurse that Plaintiff had a candy bar, are all questions to be probed during discovery. Plaintiff has satisfied the liberal pleading standards of Rule 8, and the Court should refuse to allow Defendants to skirt liability based on Plaintiff merely alleging what EMHC itself told him as a pretext for the retaliatory search.

## CONCLUSION

For all these stated reasons, Plaintiff, Tommy R. Ortiz, respectfully requests that this Court deny Defendants Samantha McDorman's, Ralph Carter's, Alfreda Fletcher's, LaDonald Scott's, and Michelle Santos' Motion to Dismiss, and provide any further relief deemed necessary and proper. In the alternative, should the Court be inclined to grant any portion of the Motion, Plaintiff respectfully requests leave to file an amended complaint.

Dated: December 23, 2020          Respectfully submitted,

**TOMMY R. ORTIZ**

By: */s/ Zachary R. Clark*
    One of his Attorneys

William J. Serritella, Jr.
wserritella@taftlaw.com
Zachary R. Clark
zclark@taftlaw.com
TAFT STETTINIUS AND HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: (312) 527-4000
Fax: (312) 527-4011

27767158.1