UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY R. ORTIZ, an individual,<br><br>                          Plaintiff,<br><br>      v.<br><br>WILLIAM EPPERSON, an individual, THOMAS ZUBIK, an individual, RHAVEN BARTEE, an individual, BRENDA LEE, an individual, JANE DOE-MENTAL HEALTH TECHNICIAN, an individual, SAMANTHA MCDORMAN, an individual, NATHAN BOYD, an individual, RALPH CARTER, an individual, ALFREDA FLETCHER, an individual, LADONALD SCOTT, an individual, MICHELLE SANTOS, an individual, JOHN DOE-SECURITY GUARD 1, an individual, and JOHN DOE-SECURITY GUARD 2, an individual,<br><br>                         Defendants. | Case No. 18 CV 3385<br><br>Hon. Edmond E. Chang |

**JOINT STATUS REPORT**

Plaintiff Tommy R. Ortiz ("Plaintiff"), by his attorneys, Taft Stettinius & Hollister, LLP, files this Joint Status Report pursuant to Federal Rules of Civil Procedure 26(f) and 16(b), Local Rule 26.1, and the Court's Memorandum Opinion and Order on March 30, 2021, and after conferring by telephone with counsel for Defendants William Epperson ("Epperson"), Thomas Zubik ("Zubik"), Ralph Carter ("Carter"), Alfreda Fletcher ("Fletcher"), Samantha McDorman ("McDorman"), Michelle Santos ("Santos"), LaDonald Scott ("Scott"), and Nathan Boyd ("Boyd").[1]

---

[1] The following additional defendants have not been served, are not represented by counsel, and/or have not yet been identified: Rhaven Bartee ("Bartee"), Brenda Lee ("Lee"), Jane Doe-Mental Health Technician ("Jane Doe") at the Elgin Mental Health Center ("EMHC"), and two

1. **The Nature of the Case**

    A.    <u>Attorneys of Record</u>:

For Plaintiff:

William J. Serritella, Jr. (lead attorney)
wserritella@taftlaw.com
Zachary R. Clark
zclark@taftlaw.com
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
(312) 527-4000

For Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd:

Erin Walsh
ewalsh@atg.state.il.us
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th Fl.
Chicago, Illinois 60601
(312) 814-6122

    B.    <u>Basis for Federal Jurisdiction</u>: This Court has subject matter jurisdiction pursuant to 18 U.S.C. §§ 1331 and 1343 because the action arises under 42 U.S.C. § 1983 to redress the alleged deprivation of rights, privileges, and immunities guaranteed by the First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States. Venue and personal jurisdiction are proper in this Court under 28 U.S.C. § 1391.

    C.    <u>Nature of the Claims Asserted</u>: Plaintiff asserts a claim for violations of the Eighth Amendment against Defendants Bartee, Lee, and Jane Doe. Specifically, Plaintiff alleges that Bartee, Lee, and Jane Doe denied Plaintiff access to a bathroom on numerous occasions despite Plaintiff's repeated requests to use a bathroom, and forced Plaintiff to sit in his own urine and/or feces on numerous occasions for a significant period of time.

Plaintiff also asserts a claim for violations of the First Amendment against Defendants, alleging that Defendants coordinated an unnecessary search of Plaintiff's person and cell as a result of Plaintiff's initiating this action by filing his original complaint with this Court.

---

John Doe-Security Guards ("John Doe Guards" and sometimes collectively with Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, Boyd, Bartee, Lee, Jane Doe, "Defendants") at EMHC.

D. <u>Major Legal and Factual Issues</u>: The major legal and factual issues anticipated in the case are as follows:

Factual Issues:

1. Whether Defendants Bartee, Lee, and Jane Doe denied Plaintiff access to a bathroom at EMHC;

2. Whether Defendants Bartee, Lee, and Jane Doe forced Plaintiff to defecate and urinate on himself;

3. Whether Defendants Bartee, Lee, and Jane Doe refused to unlock any bathroom for Plaintiff to clean himself up after being forced to defecate and urinate on himself;

4. What statements Defendants made to each other and/or Plaintiff as related to Plaintiff's bathroom use, Plaintiff's being forced to defecate and urinate on himself, Plaintiff's inability to clean himself up after being forced to urinate and defecate on himself, Plaintiff's filing of his original complaint with this Court, the search of Plaintiff and his cell on or around June 17, 2018, and/or the reasons for searching Plaintiff and his cell on or around June 17, 2018;

5. Whether Plaintiff suffered from extreme anxiety attacks and feeling depressed, humiliated, demoralized, anxious, and embarrassed by being forced to defecate and/or urinate on himself and sit in his own feces and/or urine;

6. Whether Plaintiff experienced humiliation and physical pain as a result of Defendants McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and the John Doe Guards' physical search of Plaintiff and his cell on or around June 17, 2018;

7. The reasons for Defendants McDorman's, Boyd's, Carter's, Fletcher's, Scott's, Santos', and the John Doe Guards' physical search of Plaintiff and his cell on or around June 17, 2018; and

8. Whether Defendants had knowledge of Plaintiff's filing his original complaint with this Court prior to the June 17, 2018 search.

Legal Issues:

1. Whether Defendants Bartee, Lee, and Jane Doe denied Plaintiff his rights provided under the Eighth Amendment; and

2. Whether Defendants denied Plaintiff his rights provided under the First Amendment.

29207215v3

    E.    <u>Relief Sought by Plaintiff</u>:

        1.    Enter judgment in Plaintiff's favor on all Counts;

        2.    Award Plaintiff damages resulting from Defendants' violations of his rights;

        3.    Award Plaintiff with punitive damages against Defendants;

        4.    Award Plaintiff all of his costs and reasonably attorneys' fees in this action as authorized by any applicable laws;

        5.    Award Plaintiff with pre- and post-judgment interest at the maximum legal rate and costs; and

        6.    Grant Plaintiff such other relief as may be just and warranted under the circumstances.

2.    **Pending Motions and Case Plan**

    A.    <u>Status of Service</u>: Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd have been served and appeared. Plaintiff's efforts to effectuate service on Defendant Bartee by working with the U.S. Marshal have been unsuccessful to date, but Plaintiff will continue to make diligent efforts to effectuate service on Bartee and may request Court approval to serve Bartee by an alternative method. Plaintiff is attempting to verify that Defendant Lee has been properly served, and if so, Plaintiff will seek default against Lee. Plaintiff will attempt to seek the identity of Defendants Jane Doe and the John Doe Guards through discovery. Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd anticipate requesting an extension to April 29, 2021, to file an answer to the Third Amended Complaint; Plaintiff has no objection to this request.

    B.    <u>Pending Motions</u>: There are no pending motions in this case.

    C.    <u>Proposed Discovery Plan</u>:

        i.    <u>The general type of discovery needed</u>: Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd anticipate that they will seek both written discovery and deposition testimony from each other. In addition, Plaintiff has issued third-party subpoenas and may issue additional subpoenas or otherwise obtain discovery from third parties.

        ii.    <u>A date for Rule 26(a)(1) disclosures</u>: Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd propose May 20, 2021 as the deadline for Rule 26(a)(1) disclosures.

        iii.    <u>A date to issue the first-set of written discovery requests</u>: Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd propose June 10, 2021 as the deadline for the issuance of the first-set of written discovery requests.

    iv.  <u>A fact discovery completion date</u>: Based on lead counsels' scheduled time out of the office over the next several months and the number of parties in this case, Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd propose April 30, 2022, as the fact discovery completion date.

    v.  <u>Expert discovery</u>: At this time, Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd do not believe that expert discovery will be needed in this case.

    vi.  <u>A date of filing dispositive motions</u>: Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd propose June 30, 2022, as the deadline for filing dispositive motions.

  D. <u>Jury Trial and Probable Length of Trial</u>: Plaintiff requests a jury trial, and Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd estimate that a trial may last five days.

  E. <u>Service of Pleadings and Other Papers by Electronic Means Under Federal Rule of Civil Procedure 5(b)(2)(E)</u>: Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E) and email.

3. **Consent to Proceed Before a Magistrate Judge**

Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd do not consent unanimously to proceed before a magistrate judge for all purposes, including entry of final judgment.

4. **Status of Settlement Discussions**

Plaintiff and Defendants Epperson, Zubik, Carter, Fletcher, McDorman, Santos, Scott, and Boyd have not yet had any settlement discussions and do not request a settlement conference at this time.

29207215v3

| | |
|---|---|
| Dated: April 9, 2021 | Respectfully submitted, |
| */s/ Erin Walsh* | */s/ Zachary R. Clark* |
| Erin Walsh<br>Assistant Attorney General<br>General Law Bureau<br>100 West Randolph Street, 13th Fl.<br>Chicago, Illinois 60601<br>(312) 814-6122<br>ewalsh@atg.state.il.us<br><br>*Attorney for Defendants William Epperson, Thomas Zubik, Ralph Carter, Michelle Santos, Alfreda Fletcher, Samantha McDorman, LaDonald Scott, and Nathan Boyd* | William J. Serritella, Jr.<br>wserritella@taftlaw.com<br>Zachary R. Clark<br>zclark@taftlaw.com<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 E. Wacker Drive<br>Suite 2800<br>Chicago, Illinois 60601<br>Tel: (312) 527-4000<br>Fax: (312) 527-4011<br><br>*Attorneys for Plaintiff Tommy R. Ortiz* |

29207215v3